## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

KEVIN JONES )
5804 Annapolis Road, Apt 414 )
Bladensburg, MD 20710 )
)
        Plaintiff, )
        v. )
)
JOHN F. KERRY, SECRETARY, )
U.S. Department of State )
2201 C Street, NW )
Washington, DC 20520 )
)
        Defendant. )
———————————————————————)

        Civil Action No.


**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Kevin Jones ("Mr. Jones" or "Plaintiff"), by his attorneys Clark Law Group, PLLC, files

this action, following his exhaustion of administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful discrimination and retaliation against Plaintiff in
   violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq*. ("Rehab
   Act").

2. This is a challenge to Defendant's unlawful discrimination and retaliation against Plaintiff in
   violation of the Americans with Disabilities Act, of 1990, as amended, 42 U.S.C. § 12101 *et
   seq*. ("ADA").

3. This is a challenge to Defendant's unlawful retaliation against Plaintiff in violation of Title
   VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII").

4. This is a challenge to Defendant's unlawful retaliation against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.* ("ADEA").

5. Defendant discriminated against Plaintiff based on his association with individuals with disabilities and retaliated against Plaintiff because of his association with persons engaged in protected activities.

6. To remedy the Defendant's discriminatory and retaliatory conduct, Plaintiff seeks back pay, compensatory damages, attorney's fees and costs, injunctive relief, and other equitable relief as this Court deems appropriate.

## <u>JURISDICTION AND VENUE</u>

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The United States District Court for the District of Columbia may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.   The Court also has subject-matter jurisdiction pursuant to 29 U.S.C. § 633a(c),  29. U.S.C. § 794a, 42 U.S.C. §12117(a), 42 U.S.C. § 2000e–5(f)(3), and 42 U.S.C. § 2000e-16(c) as this matter involves a civil action by an aggrieved person under the Rehab Act, ADA, Title VII, and ADEA.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's office is located in the District of Columbia.

10. Venue is properly laid in the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff has satisfied the procedural and administrative requirements for commencing this action as follows:

    a. On or about February 20, 2014, Mr. Jones first contacted an Equal Employment Opportunity ("EEO") officer raising allegations of discrimination and retaliation;

    b. On or about April 29, 2014, Mr. Jones filed a formal complaint of discrimination and retaliation against Defendant;

    c. On or about February 9, 2015, Defendant issued a Final Agency Order based on its investigation of Mr. Jones' complaint;

    d. On or about February 12, 2015, Mr. Jones received the Final Agency Order;

    e. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Final Agency Order.

13. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## PARTIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff is an employee of Defendant and resides in Bladensburg, Maryland.

16. Defendant is the Secretary of the U.S. Department of State.

## FACTS

### *Mr. Jones' Position With Defendant*

17. Mr. Jones was hired on December 18, 2011 as a Motor Vehicle Operator, with a pay grade of WG-7, step 1 in Defendant's Motor Pool.

18. The duties of a Motor Vehicle Operator, WG-7, included: transporting passengers by bus and cars, providing customer services to client passengers, and minor vehicle maintenance such as checking fluid levels.

19. The duties of a Motor Vehicle Operator, WG-7, were substantially the same duties as a Motor Vehicle Operator, WG-8.

20. Defendant's management recognized that Mr. Jones' work as a WG-7 is substantially the same as a WG-8.

21. Immediately prior to the hire of Mr. Jones, Defendant's Office of Personnel Management reclassified and promoted all employees in Mr. Jones' present position from WG-7 to WG-8.

22. Mr. Jones and two others, Shawn Davis and Calvin Tabron were not included in the general reclassification of Motor Vehicle Operators due to the timing of their hiring.

23. Rickie Sampson was one of Mr. Jones' co-first level supervisors.

24. James Goodwin was Mr. Jones' third level supervisor and Chief of Motor Pool Operations.

25. On information and belief, Mr. Goodwin was the deciding official for hires and promotions for positions in the Motor Pool from December 2011 to present.

26. After Mr. Jones was hired, Mr. Goodwin and Mr. Jones' union representative, Anthony Bishop, told Mr. Jones that he would have to wait a year before he would be promoted to WG-8.

27. Mr. Jones was not told he would need to apply for the promotion.

4

### *Mr. Jones' Associations With Individuals With Disabilities*

28. Mr. Jones is married to Janice Jones, who also works for Defendant.

29. Managing officials knew that Mr. Jones was married to Mrs. Jones.

30. Mrs. Jones would regularly come down to the Motor Pool to visit Mr. Jones and speak with the managing officials about her husband.

31. Mrs. Jones is disabled.

32. Mrs. Jones has been diagnosed with multiple disabilities, including anxiety, type-two diabetes, kerataconus, hereditary hemorrhagic telangiectasia, and iron deficiency anemia.

33. In or about August 2012, Mr. Jones informed Mr. Sampson that his wife was disabled.

34. Other managing officials were aware of Mrs. Jones' disability on or before her complaint of disability discrimination of July 20, 2012, discussed further below.

35. Defendant's managing officials made inappropriate comments about Mrs. Jones' disability, calling it a total blood transfusion and blood disorder.

36. During the course of his employment with Defendant, Mr. Jones developed a friendship with Nicole Thompson.

37. Ms. Thompson is disabled.

38. Ms. Thompson has a physical disability that impairs her ability to walk and a mental disability that causes anxiety.

39. Managing officials were aware of Ms. Thompson' disability on or before her 2013 complaint of disability discrimination, discussed further below.

40. Defendant was aware of Mr. Jones' associations with Mrs. Jones and Ms. Thompson.

### *Mr. Jones' Associations With Individuals Engaged In Protected Activity*

41. On or about July 20, 2012, Mrs. Jones filed an EEO complaint of discrimination against Defendant employees John Robinson and Greg Smith, Agency Case No. DOS-F-118-12, EEOC Case No. 572013-00341X.

42. Mrs. Jones' complaint included allegations of discrimination because of her race, age, and disability.

43. Mr. Jones assisted, aided, and encouraged Mrs. Jones in her EEO proceedings.

44. Nicole Thompson has guided Mrs. Jones in her experiences through the Defendant's EEO complaint processes as a non-attorney representative.

45. During Mr. Jones' first year of employment with Defendant, Mr. Jones and Ms. Thompson developed a friendship as a result of Ms. Thompson aiding Mrs. Jones in her complaint processes.

46. Ms. Thompson would be a frequent guest at Mr. Jones' home.

47. Ms. Thompson's filed her own EEO complaint against Defendant for alleging disability discrimination by Mr. Goodwin, Mr. Sampson, Ms. Newman and Mr. Passmore, DOS-F-024-13.

48. Ms. Thompson has assisted several other employees in filing EEO complaints of discrimination against Defendant and employees of Defendant as their non-attorney representative.

49. Mr. Jones assisted, aided, and encouraged Ms. Thompson in her supporting Mrs. Jones and others in their EEO proceedings.

50. On information and belief, Ms. Thompson is not liked by Mr. Goodwin and other managing officials due to her complaints of discrimination and assistance of others in the EEO process.

51. On one occasion, while Ms. Thompson was assisting Mrs. Jones in her EEO process, Mr. Jones and Ms. Thompson were socializing at the Motor Pool.  Mr. Goodwin observed Mr. Jones and Ms. Thompson socializing and stared at Mr. Jones in an aggressive and hateful manner.

52. Defendant aware of Mr. Jones' associations with Mrs. Jones and Ms. Thompson.

### *Defendant's Managers Have Close Relationships With Each Other*

53. On information and belief, Mr. Robinson and Mr. Goodwin have a close personal relationship.

54. On information and belief, Mr. Robinson and Mr. Goodwin, as well as a Sgt. Major Bruce, were members of a social clique called "The Three Amigos."

55. On information and belief, Mr. Goodwin and Mr. Bishop have a close personal relationship.

### *Defendant Rejected Mr. Jones' 2013 Applications For Promotions*

56. After his year of employment as a WG-7, Mr. Jones was told that he would have to apply for a position as a WG-8.

57. On or about January 11, 2013, Mr. Jones's annual evaluation stated that Mr. Jones exceeded expectations or was fully successful in all performance elements of his evaluation.

58. On or about February 13, 2013, Mr. Jones applied for the position of Motor Vehicle Operator, WG-8.

59. The application required the inclusion of Standard Form 50 ("SF-50"), a personnel record.

60. Mr. Jones accessed his most current SF-50 generated from Defendant's personnel web portal and included it in his application.

61. Mr. Jones was notified that he was eligible, but not referred to the hiring official.

62. On or about May 21, 2013, Mr. Jones applied for the position of Motor Vehicle Operator, WG-8.

63. Mr. Jones accessed his most current SF-50 generated from Defendant's personnel web portal and included it in his application.

64. Mr. Jones was notified that he was found to be qualified, but he was not selected.

65. On information and belief, Mr. Jones had specialized licenses that most of the applicants did not have, including hazardous materials and forklift operating licenses, and was thus a better-qualified candidate.

66. During 2013, Defendant made approximately eight new hires for Motor Vehicle Operators, WG-8, at least one of which did not possess the necessary license to drive the required vehicles.

### *Defendant Rejected Mr. Jones' 2014 Application For Promotion*

67. From the date of his hire through February 2014, Mr. Jones received several awards and bonuses related to his performance.

68. On or about January 14, 2014, Mr. Jones's annual evaluation stated that Mr. Jones exceeded expectations or was fully successful in all performance elements of his evaluation.

69. On or about February 11, 2014, Mr. Jones applied yet again for the position of Motor Vehicle Operator, WG-8, via Vacancy Announcement AN1040115.

70. Vacancy Announcement AN1040115 included positions for two vacancies.

71. Mr. Jones accessed his most current SF-50 generated from Defendant's personnel web portal and included it in his application.

72. Mr. Jones' application was again rejected.

73. Mr. Jones' rejection email noted that his SF-50 was not current.

74. Mr. Jones did not have any issues regarding the SF-50 that he downloaded from Defendant's personnel web portal in his previous applications.

75. Mr. Jones received his rejection email after the application for the vacancy had closed.

76. Therefore, Mr. Jones was unable to attempt to correct any alleged defects in his SF-50.

77. Shawn Davis was selected for the position.

78. On information and belief, Mr. Jones had specialized licenses that Mr. Davis does not possess, including hazardous materials and forklift operating licenses, and was thus a better-qualified candidate.

79. On information and belief, the second vacancy was not filled.

80. Mr. Sampson assisted both Plaintiff and Shawn Davis in completing their applications for the WG-8 position, including reviewing SF-50 forms.

81. On information and belief, Mr. Sampson intentionally instructed Mr. Jones to apply for the WG-8 position via non- competitive application procedures.

82. On information and belief, Mr. Sampson intentionally did not notify Mr. Jones that his SF-50 form was incorrect.

83. On information and belief, Mr. Sampson intentionally instructed Mr. Davis to apply to the WG-8 position via competitive application procedures.

84. On information and belief, Mr. Goodwin instructed Mr. Sampson to sabotage Mr. Jones' application for promotion.

85. Mr. Bishop attempted to prevent Mr. Jones from applying to the February 2014 vacancy.

86. On information and belief, Mr. Bishop attempted to prevent Mr. Jones from applying to the February 2014 vacancy due to his relationship with Mr. Goodwin.

87. Mr. Bishop told Mr. Jones that Mr. Goodwin did not want Mr. Jones to be promoted.

88. On information and belief, after Mr. Davis was promoted, Mr. Goodwin instructed Human Resources to no longer promote WG-7's to WG-8's in the spring/summer of 2014.

89. After Mr. Davis was promoted, Mr. Jones was the only remaining WG-7 Motor Vehicle Operator.

## COUNT I: FAILURE TO PROMOTE/HIRE BECAUSE OF ASSOCIATION WITH INDIVIDUALS WITH DISABILITIES

90. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

91. Mr. Jones associates with his wife, Mrs. Jones, who has a disability.

92. Mr. Jones associates with Ms. Thompson, who has a disability.

93. Defendant's management is aware of Mr. Jones' associations with Mrs. Jones and Ms. Thompson.

94. On information and belief, Mr. Goodwin prevented Mr. Jones' promotions based on his associations Mrs. Jones and Ms. Thompson.

95. Similarly situated employees and job applicants as Mr. Jones who did not associate themselves with individuals with disabilities were promoted to or hired as WG-8's.

96. Defendant's failure to promote/hire Mr. Jones was based on his association with individuals with disabilities.

## COUNT II: FAILURE TO PROMOTE/HIRE IN RETALIATION FOR ASSOCIATION WITH INDIVIDUALS ENGAGED IN PROTECTED ACTIVITY

97. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

98. Mrs. Jones and Ms. Thompson engaged in protected activity of filing EEO complaints and assisting others in their EEO complaints.

99. Mr. Jones assisted, aided, and encouraged Mrs. Jones and Ms. Thompson their protective activities.

100.    Defendant failed to promote Mr. Jones because of his association with individuals engaged in protected activity.

101.    Defendant failed to promote Mr. Jones because of his assistance, aide, and encouragement to individuals engaged in protected activity.

102.    On information and belief, Mr. Goodwin prevented Mr. Jones' promotions in retaliation for Mrs. Jones' complaint of discrimination against Mr. Robinson.

103.    On information and belief, Mr. Goodwin prevented Mr. Jones' promotions because Mr. Jones assisted, aided, and encouraged Mrs. Jones in her complaint of discrimination against Mr. Robinson.

104.    On information and belief, Mr. Goodwin prevented Mr. Jones' promotions in retaliation for Ms. Thompson's complaints of discrimination and participation in the EEO process on behalf of others.

105.    On information and belief, Mr. Goodwin prevented Mr. Jones' promotions because Mr. Jones assisted, aided, and encouraged Ms. Thompson in her complaints of discrimination and participation in the EEO process on behalf of others.

106.    Similarly situated employees and job applicants as Mr. Jones who did not associate themselves with, encourage, aide, or assist individuals who engaged in protected activity were promoted/hired.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

    A.  Plaintiff demands a jury trial

    B.  Entry of judgment in favor of Mr. Jones and against Defendant;

    C.  Injunctive relief;

    D.  Back pay;

    E.  Promotion to WG-8;

    F.  Compensatory damages;

    G.  Attorney's fees and costs; and

    H.  Other such relief as may be appropriate to effectuate the purposes of the Rehab Act,

        ADA, Title VII, and the ADEA.


Respectfully submitted,


/s/ Denise M. Clark
Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com